IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA M. MOSLEY,        ) | |
|     Plaintiff,        ) | |
|         ) | |
| v.        ) | CIVIL ACTION: 1:20-00517-KD-M |
|         ) | |
| AM/NS CALVERT, LLC,        ) | |
|     Defendant.        ) | |

**ORDER**

This matter is before the Court on Plaintiff's Fed.R.Civ.P. Rule 59(e) motion to alter, amend, or vacate (Doc. 54); and the Defendant's Response (Doc. 58).

Specifically, on March 21, 2022, this Court granted summary judgment in favor of the Defendant with regard to Plaintiff Donna M. Mosley (Mosley)'s ADA interference claim and issued a Final Judgment. (Docs. 54, 55). On April 7, 2022, Mosley filed a motion to alter the judgment. (Doc. 56). On April 26, 2022, the Defendant filed its response. (Doc. 58).

"A district court may grant a motion for reconsideration under Rule 59(e) only if the movant presents newly discovered evidence or demonstrates 'manifest errors of law or fact' in the challenged ruling." Giddens v. Lawson, 839 Fed. Appx. 350 (11th Cir. 2020) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). " '[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Arthur, 500 F. 3d at 1343 (bracketed text in original) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). However, "[t]he extremely limited nature of the Rule 59(e) remedy cannot be overstated ... [t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a

1

justification for relief so compelling that the court was required to grant the motion." Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted). "Denial of a motion for reconsideration is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998) (footnotes omitted). And, "[a] dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because she disagrees with a court's ruling." Ely v. Mobile Hous. Bd., 2014 WL 1874960, *2 (S.D. Ala. May 9, 2014).

Indeed, as summarized by this Court in Fuller v. Tesemma, 2014 WL 1400367, *2 (S.D. Ala. Apr. 10, 2014) (footnotes omitted):

> A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because he disagrees with a court's ruling. To the contrary, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." United States v. Marion, 562 F.3d 1330, 1335 (11th Cir.2009) (citation and internal marks omitted); see also Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.2007) (similar). To prevail on a Rule 59(e) motion, "[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant the motion." Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir.2012) (citations and internal marks omitted). Fuller has not done so.
>
> Authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 ... (2008) (citation omitted).[ ] Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." American Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1239 (11th Cir.1985). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." Lee v. Thomas, 2012 WL 3137901, *2 (S.D.Ala. Aug. 1, 2012); see also Thalassinos v. Adair, 2013 WL 3231373, *2 (S.D. Ala. June 26, 2013) ("A Motion to Reconsider is not appropriately filed merely because a litigant does not agree with (or does not wish to abide by) the court's ruling."); Hughes v. Stryker Sales Corp., 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that

motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they are instead "an extraordinary remedy" that must be "employed sparingly") (citations omitted).[ ] "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Lee*, 2012 WL 3137901, at *2.

Mosley seeks to alter, amend, or vacate the Court's order on summary judgment (Doc. 54) to prevent manifest injustice, and to reinstate her ADA interference claim and set it for trial. As grounds, Mosley argues as follows:

> ... on whether Mosley presented evidence that her placement on a performance improvement plan ("PIP") was motivated by her requests for accommodations related to her disabilities. This Court concluded that even though the Plaintiff argued temporal proximity supported a conclusion of causation, the finding was negated because the decision maker for the PIP had criticized Plaintiff's performance prior to the Plaintiff exercising her rights to request accommodation. However, a closer examination of the evidence presented by the Plaintiff shows that as she sought accommodation, the Defendant's efforts to discourage those efforts deepened through an increased criticism of her performance and/or efforts to make her performance appear poor. As a result, the Rule 56 standard would permit the inference that the increased scrutiny and criticism of Plaintiff's performance was motivated by a desire to dissuade or discourage her from seeking accommodations. ....
>
> ***
>
> .... The Court's conclusion assumes the same level of criticism or performance problems held by Dolbare prior to and after Mosley's protected activity. The evidence presented by the Plaintiff in her briefing, though, shows that Dolbare became more critical of Mosley's performance after Mosley began seeking accommodations[.] ....
>
> ***
>
> .. .As Mosley sought accommodation, the evidence shows Dolbare increased her efforts to interfere with and/or discourage future accommodations. A reaso[]n[a]ble jury could conclude thorough this timing of events that Dolbare's growing criticism of Mosley's performance was motivated by Mosley's efforts to seek accommodation. ....
>
> ***
>
> .... This Court also noted that Ms. Mosley did not request to have any of her data entry duties taken away from her workload due to medical issues. (Doc. 54 .... ). It is true that Mosley did not ask for any of her duties to be eliminated. Instead, she complained on more than one occasion that the amount of work she was being asked to complete was unreasonable in light of wearing a splint and recovering from surgery, she felt threatened through the workload being assigned to her, and

3

> that Dolbare was set[t]ing her up to fail through the workload being assigned to her.
> ...
> \*\*\*
> .... This evidence, when viewed in a light most favorable to Mosley, shows an effort to intimidate or threaten her from seeking additional accommodation.
>
> Because Mosley presented evidence that as she continued to seek accommodations, Dolbare increased her criticism of Mosley's performance, the timing between the two permits an inference that the protected activity caused the animus despite Dolbare having expressed prior concern over areas of Mosley's performance. This is an issue for a jury to resolve.

(Doc. 54 at 2-8).

Upon consideration, Mosley's motion lacks merit because she has not submitted new evidence or pointed out a manifest error of law. The Court has previously considered all of these issues -- and the related arguments -- in its ruling.  Mosley is simply relitigating old matters, which does not provide a basis for Rule 59(e) relief.  And Mosley has not established justification for relief so compelling that the Court would be required to grant the motion, Maradiaa v. United States, 679 F.3d 1286, 1291 (11th Cir.2012).

Accordingly, it is **ORDERED** that Mosley's motion to alter, amend, or vacate (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** this the **27th** day of **May 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

4